## JOHN F. CHILDS *versus* JOHN HAM.

When a service has been made thereon, the attorney who made the writ has no authority to alter it without leave of Court.

But if an alteration of a writ be made, after a service of it by attachment of property and giving a summons, this does not excuse the officer from performance of the duty of keeping the property safely, that it may be applied to satisfy the judgment obtained by the plaintiff, or returned to the defendant.

The officer serving a writ is not a party to the judgment rendered in the suit, and where there is no fraud, he cannot impeach it collaterally.

Where an officer returns on a writ an attachment of certain goods only, without fixing their value, the presumption of law is, in the absence of all other testimony, that they were of the value commanded to be attached.

EXCEPTIONS from the Middle District Court, REDINGTON J. presiding.

Case for the alleged neglect of the defendant to keep certain personal property, attached by him as a constable on an original writ, so that the same might be forthcoming to satisfy the judgment.

The plaintiff introduced the writ with a return thereon by the defendant of an attachment of the property. The plaintiff also called the attorney who made the writ in the first suit, and had charge of the action. On cross-examination he testified, that the writ was made " by attaching with a wafer a fly leaf to a capias and attachment blank in common form, thus making the process a trustee writ, and in this form he sent it to a former constable with instructions to inquire, if the supposed trustee was indebted to the principal, and if he was, to serve it as a trustee writ, and if he was not, to make the common service by attaching property and giving a summons. The defendant made no legal service on the trustee, and after the return, the attorney removed the fly leaf, and thus made the process what it now appears to be, a capias and attachment writ."

The defendant requested the Judge to instruct the jury, that if they should believe that testimony, their verdict should be for the defendant. This the Judge declined to do.

The return of the defendant did not set forth any value of the property attached, and the jury were instructed, that they might, in the absence of proof, presume it to be worth as much as by the writ he was ordered to attach. The verdict was for the plaintiff, but for a less sum than the amount of the judgment, and less than the sum for which he was ordered to make an attachment. The defendant filed exceptions.

*H. W. Paine*, for the defendant, contended that the instruction requested ought to have been given. The defendant was only bound to keep the property attached, to be taken on an execution issued on a judgment founded on this writ. If the return was on another writ, and not on this, it is competent for the defendant to show it. The writ, in this case, was entirely changed after the service, and was not the same writ on which the attachment of the defendant was returned. The attachment was discharged by this alteration. It was done improperly by the plaintiff's own attorney, and was illegal, and rendered not only the attachment, but the writ void. *Greenwood* v. *Fales & tr.* 6 Greenl. 405. This was against the

policy of the law, and should be discouraged. This alteration is, too, one in which the officer had an interest. He might be willing to attach property, where the claimant was to be summoned as a trustee, when he would not without it.

It is not the duty of the officer to return a value on the property attached, and there is no legal presumption, that it has any particular value. There is no evidence, that there were any written instructions to attach property, and on this ground the defendant is not liable.

*Lancaster* and *J. Baker*, for the plaintiff, said that the paper attached to the writ by a wafer, never was any part of the writ, and that if it had been served as a trustee process, the trustee could not have been holden. Although no change in a writ, or of any thing upon it, ought to be made after service, but by leave of Court, after entry of the action, yet the removal of the paper was immaterial, as it made no difference in the legal effect.

But this question is not now open to the defendant. No change was apparent upon the face of the writ, and the only mode of making the objection was by plea in abatement. *Greenwood* v. *Fales & tr.* 6 Greenl. 405; *Cook* v. *Lothrop*, 18 Maine R. 260.

No fraud is pretended in obtaining the judgment, and it cannot be impeached by the defendant, who was not a party to it. The judgment is conclusive until reversed. *Adams* v. *Balch*, 5 Maine R. 188; *Commercial Bank* v. *Wilkins*, 9 Maine R. 28; *Banister* v. *Higginson*, 15 Maine R. 73; *Badlam* v. *Tucker*, 1 Pick. 389.

The presumption of law is, that public officers do their duty, and therefore it is to be presumed, if no proof is furnished, that the value of the property attached was sufficient to satisfy the execution. 11 Mass. R. 89; 13 Mass. R. 187; 7 Pick. 551; 9 Pick. 309.

The opinion of the Court was prepared by

SHEPLEY J. — The exceptions state, that the "writ was made by attaching with a wafer a fly leaf to a *capias* and at-

tachment blank in common form, thus making the process a trustee writ." The writ, by the statute denominated a "trustee writ of attachment," commands the officer to summon the defendant. The service is not made by a separate summons but by copy. The writ denominated, "*capias* or attachment," does not command the officer to summon the defendant, and service is made by a separate summons. The one made by the plaintiff's attorney, with the fly leaf annexed, does not appear to have corresponded with either. When a service had been made upon it, the attorney had no authority to alter it without leave of Court, and the subtraction of the leaf was illegal. By his doing so the writ had been made to assume again a legal form, and the plaintiff had obtained a judgment upon it. The officer was commanded and authorized by the informal writ to make an attachment of property ; and neither the subsequent alteration, nor the want of a legal service, could excuse him from the performance of the duty of keeping the property safely, that it might be applied to satisfy the judgment obtained by the plaintiff, or returned to the defendant, if he should become entitled to it. He has not shown, that the defendant in that suit has become entitled to it ; while the plaintiff has shown a judgment rendered in his favor and an execution issued thereon. The officer is not a party to that judgment and cannot impeach it collaterally. It is said, that the attachment of the property was not made upon the writ, on which judgment was recovered. But the fact that certain important allegations contained in the writ at the time of service have been subtracted, does not destroy its identity, the return of the officer still remaining with the part retained.

The law presumes, that an officer, who has made service of a writ, has obeyed the command of his precept and performed his duty, until the contrary appears. The writ having commanded him to attach the goods and estate of the defendant to a certain value, and he having returned an attachment of goods only without fixing the value, the presumption must be, in the absence of all other testimony, that they were of the value commanded. *Exceptions overruled.*